UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION (Pikeville)

------------------------------------

**MARTIN J. WALSH**, Secretary of Labor, :
United States Department of Labor, :
: Case No.
Plaintiff, :
: Judge:
v. :
:
**CRAIG PREECE; COAL EXCLUSIVE** :
**COMPANY, LLC**; and **COAL EXCLUSIVE** :
**BENEFITS 401(k) RETIREMENT PLAN**, :
:
Defendants. :
------------------------------------

## COMPLAINT

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), alleges:

### JURISDICTION AND VENUE

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq.*, and is brought by the Secretary under ERISA §502(a)(2) and (5), 29 U.S.C. §1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. The Coal Exclusive Benefits 401(k) Retirement Plan ("Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4. Venue of this action lies in the Eastern District of Kentucky, Southern Division, pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), and L.R. 3.1(a)(3), because the Plan is administered in Debord, Martin County, Kentucky within this district and division.

## DEFENDANTS AND PARTIES IN INTERESTS

5. Coal Exclusive Company, LLC d/b/a Coal Exclusive Benefits ("CEB") is a Kentucky limited liability company that was formed in 2003.

6. From at least January 1, 2004 through at least May 1, 2020, CEB was the Plan's sponsor and the Plan Administrator. CEB was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that it exercised authority and control over the management and disposition of Plan assets; and a party in interest to the Plan within the meaning of ERISA §3(14)(A), 29 U.S.C. §1002(14)(A).

7. From at least January 1, 2004 through at least May 1, 2020, Defendant Craig Preece ("Preece") was the Chief Financial Officer of CEB and of Wright Management Company, LLC, a participating employer in the Plan, whose employees handled the day-to-day administration of the Plan. Preece was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that he exercised authority and control over the management and disposition of Plan assets; and a party in interest to the Plan within the meaning of ERISA §3(14)(A) and (H), 29 U.S.C. §1002(14)(A) and (H).

## THE PLAN

8. The Plan is a multiple-employer 401(k) and profit sharing plan that provides retirement benefits to employees of participating employers. The assets of the Plan are held in pooled separate accounts or the general assets of the Plan's group annuity insurance provider.

9. From at least January 1, 2004 through at least May 1, 2020, the Plan's governing documents provided that participants could make pre-tax contributions to the Plan from their compensation through salary deferrals on a per-payroll basis.

10. From at least January 1, 2004 through at least May 1, 2020, the Plan's participating employers withheld employee salary deferral contributions from participants' pay and transferred those withholdings to CEB for remittance to the Plan. These withholdings were retained in CEB's corporate bank account until they were remitted to the Plan.

11. From at least January 1, 2004 through at least May 1, 2020, Preece was responsible for causing participant salary deferral contributions to be remitted by CEB to the Plan.

## FAILURE TO TIMELY REMIT EMPLOYEE CONTRIBUTIONS TO THE PLAN

12. Paragraphs 1 through 11 above are realleged and incorporated herein by reference.

13. Pursuant to 29 CFR § 2510.3-102(a)(1)-(b)(1), participant contributions are to be remitted as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets or no later than the 15th business day of the month following the month in which the participant contribution amounts are received by the employer.

14. During the period from January 5, 2018, through April 10, 2020, CEB received $1,944,208.42 in salary deferral contributions from participating employees' pay.

15. During the period from January 5, 2018, through April 10, 2020, CEB failed to timely remit the amounts so withheld to the Plan, in some instances up to 482 days after they should have been remitted.

16. During the period from January 5, 2018, through April 10, 2020, CEB retained the withheld employee salary deferral contributions and commingled such assets with the general corporate assets in its corporate bank account until they were remitted to the Plan. During such time CEB used the corporate bank account for non-Plan purposes.

17. During the period from January 5, 2018, through April 10, 2020, Preece caused CEB to fail to timely remit employee withholdings, as described in paragraph 15, resulting in CEB retaining assets of the Plan in its own corporate bank account for its own use.

18. Based on the facts described in Paragraphs 12 through 17 above, Preece and CEB:

    a. violated ERISA §403(a) and (c)(1), 29 U.S.C. §1103(a) and (c)(1), which requires that all assets of an employee benefit plan shall be held in trust and never inure to the benefit of the employer;

    b. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A);

    c. Failed to discharge their duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

4

  d. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

  e. dealt with assets of the Plan in their own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

  f. acted on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

19. As a direct and proximate result of Defendants' fiduciary breaches, the Plan suffered injury and losses for which they are subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment:

A. Permanently enjoining Defendants CEB and Preece from violating the provisions of Title I of ERISA;

B. Ordering Defendants CEB and Preece to make good to the Plan all losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

C. Ordering defendants CEB and Preece to correct the prohibited transactions in which they engaged;

D. Terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute its assets to the participants and

beneficiaries, and conclude any plan-related matters connected with the proper termination of the Plan;

E. Permanently enjoining CEB and Defendant Preece from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan;

F. Awarding the Secretary the costs of this action; and

G. Ordering such further relief as is appropriate and just.

Dated: July 13, 2022

Respectfully submitted,

*Kortney S. Mosley*
Kortney S. Mosley (0091612)
Trial Attorney

United States Department of Labor
Office of the Solicitor
1240 East Ninth St., Room 881
Cleveland, OH 44199
(216) 522- 3849
(216) 522-7172 (Fax)
Mosley.kortney.s@dol.gov

OF COUNSEL:

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

LEAH A. WILLIAMS
Associate Regional Solicitor